IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAMES A. ROBICHAUD, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| ENGAGE2EXCEL, INC.; COMVEST INVESTMENT PARTNERS HOLDINGS, LLC; E2E HOLDINGS, INC.; GC REPRESENTATIVE COMPANY, LLC; U.S. BANK, N.A., PHILLIP STEWART, | ) ) ) ) ) Case No. _____ ) |
| Defendants. | ) ) ) ) |

## COMPLAINT

**COMES NOW** Plaintiff, James A. Robichaud ("Plaintiff"), by and through undersigned counsel and, pursuant to Rule 57 of the *Federal Rules of Civil Procedure,* and hereby files this Complaint alleging as follows:

### PARTIES

1. Plaintiff James A. Robichaud is a resident of Wales in Waukesha County, Wisconsin, and the President of Plaintiff Global Engagement Solutions, LLC ("GES").

2. Defendant Engage2Excel, Inc. ("E2E") is a corporation organized and existing under Delaware law with its principal place of business located at 149 Crawford Road, Statesville, County of Iredell, North Carolina.

3. Defendant E2E Holdings, Inc. ("E2E Holdings"), is a corporation organized and existing under Delaware law (E2E and E2E Holdings are collectively referred to as, the "E2E

1

Defendants"). Upon information and belief, E2E Holdings' principal place of business is New Castle County, Delaware.

4. Defendant Phillip Stewart is a resident of Iredell County, North Carolina. Defendant Stewart is the Chief Executive Officer of E2E.

5. Defendant GC Representative Company, LLC ("Gridiron") is a limited liability company organized and existing under Delaware law. Upon information and belief, Gridiron's principal place of business is New Castle County, Delaware.

6. Defendant Comvest Investment Partners Holdings, LLC ("Comvest"), is a limited liability company organized and existing under Delaware law. Upon information and belief, Comvest's principal place of business is New Castle County, Delaware.

7. Defendant U.S. Bank, N.A. ("U.S. Bank") is a national association with its principal place of business located in Minnesota.

## JURISDICTION AND VENUE

8. This is a civil action over which this Court has original federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship exists between plaintiffs and the defendants and the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

9. The conduct giving rise to this action, as more fully described below, occurred in the Western District of North Carolina.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

11. This action includes a request for a declaratory judgment pursuant to 28 U.S.C. § 2201 to determine questions of actual controversy between the parties.

## INTRODUCTION

12. This action arises out of a sophisticated transaction engineered by sophisticated parties and counsel whereby E2E was acquired (by merger) by Comvest, extinguishing all of Plaintiff's shares in E2E (the "Merger"). A true and correct copy of the Merger Agreement is attached hereto as Exhibit 1 and incorporated by reference herein.

13. If Plaintiff were just a squeezed-out minority stockholder that was permitted to exchange his extinguished stock for its proportionate share of cash proceeds, he would have done so. However, Defendants will not pay Plaintiff his merger consideration in exchange for his extinguished stock alone. Instead, Defendants will only pay Plaintiff's merger consideration if Plaintiff effectively agrees to certain additional conditions levied solely against Plaintiff and against no other stockholders.

14. Thus, while the deal was structured as a merger and provided Defendants with the benefit and protections of a merger under Delaware law (*i.e.,* securing the right to acquire *all* of the shares of E2E with an affirmative vote of only a *majority* of the E2E stockholders), Defendants are attempting to obtain the benefits and protections normally associated with a stock purchase agreement by inappropriately seeking to extract non-solicitation and non-compete agreements from Plaintiff in exchange for merger consideration.

15. Upon information and belief, Plaintiff is the only stockholder from whom non-solicitation and non-compete agreements are sought. Upon further information and belief, Defendants seek to extract these restrictive covenants as a means of forcing Plaintiff, a direct competitor, out of the subject business market.

16. This scheme is not permitted under Delaware law. The terms of the Merger were struck with E2E at the corporate level - individual stockholders were not parties to the Merger Agreement.

17. The Merger was consummated and obligated Defendant U.S. Bank, N.A. to deliver - for pro rata distribution to the stockholders - approximately $69,878,526.40, which represents the amount payable to *all* extinguished stockholders. E2E has no right or ability - as a matter of Delaware law - to now try to extract *additional* promises from individual stockholders who are unwilling to agree to such demands. In other words, E2E cannot consummate a merger and enjoy the benefits and protections of a merger and then try to force a squeezed-out minority stockholder to effectively enter into a subsequent stock purchase agreement by making receipt of consideration, something the minority stockholder is entitled to by law, contingent upon providing additional consideration. But that is exactly what E2E is attempting to do.

18. Section 2.9 of the Merger Agreement purports to require squeezed-out stockholders, like Plaintiff, to tender their shares along with a specific form letter of transmittal (the "Letter of Transmittal"). A true and correct copy of the Letter of Transmittal is attached hereto as Exhibit 2 and incorporated herein by reference.

19. The Letter of Transmittal sent to Plaintiff, among other things, purports to bind the surrendering stockholder to: (a) broadly indemnify E2E Holdings, Inc. and its affiliates for, among other things, potential breaches of E2E's representations and warranties in the Merger Agreement ("Indemnity Provision"); (b) release claims against the E2E Defendants and their directors, officers, employees and agents ("Release Provision"); (c) agree to the appointment, indemnification and reimbursement of a so-called Stockholders Representative ("Appointment Provision"); (d) agree to a three-year non-competition provision covering the entire United States ("Non-Competition Provision"); (e) agree to a three-year non-solicitation provision prohibiting the solicitation of E2E employees, clients, and suppliers ("Non-Solicitation Provision"); and (f) a non-disparagement provision prohibiting public disparaging remarks with respect to all of the E2E

4

Defendants ("Non-Disparagement Provision") (the Indemnity Provision, Release Provision, Appointment Provision, Non-Competition Provision, Non-Solicitation Provision, and Non-Disparagement Provision are collectively referred to hereinafter as the "Conditions"). (See Ex. 2, Letter of Transmittal).

20. Put simply, Comvest took a risk in buying E2E through a squeeze-out merger, and only partially mitigated that risk by obtaining indemnification and other covenants from only a portion of E2E's stockholders. In exchange for indemnification from a subset of E2E's stockholders, Comvest agreed to proceed with the Merger. As a result of this bargained for exchange, the E2E Defendants consummated the Merger and extinguished Plaintiff's shares in E2E. Having chosen to proceed with its risk mitigated but not eliminated, E2E cannot now unilaterally re-write deal terms to achieve now what it could not (and did not) obtain prior to closing.

21. The Conditions are not acceptable to Plaintiff, but E2E's outside counsel confirmed on May 3, 2018, that Defendants would continue to withhold Plaintiff's merger consideration unless and until Plaintiff accepts the Conditions and executes the form Letter of Transmittal.

22. By withholding Plaintiff's merger consideration, Defendants are not only violating Delaware law, but they also are giving Comvest an improper "price adjustment." Having agreed to acquire E2E for approximately $70,000,000, completing the Merger, and extinguishing Plaintiff's shares, Comvest has no choice but to pay Plaintiff's merger consideration of approximately $140,000.

23. The question presented is a very simple one, *to wit,* are Defendants permitted to withhold merger consideration from a squeezed-out minority stockholder whose shares were
5

extinguished by operation of law unless and until that minority stockholder capitulates and agrees to certain Conditions against his will?

24. Plaintiff respectfully submits that the answer to the foregoing question is "no." By effectuating a merger transaction at the corporate level instead of a transaction at the stockholder level, Defendants are obligated to pay the merger consideration once the Merger is consummated. Now that the Merger is consummated, stockholders should not be required to agree to new restrictive covenants in order for Comvest to receive additional deal protections.

25. Plaintiff was therefore forced to initiate this action to obtain an Order from this Court declaring (a) that Defendants are required to pay Plaintiff's merger consideration upon tender of Plaintiff's E2E shares, and (b) that Plaintiff is not required to accept the Conditions in the Letter of Transmittal.

## BACKGROUND

### *Plaintiff leaves E2E to form GES*

26. E2E is a human resources solutions company.

27. Plaintiff was an independent distributer for E2E (and its predecessor organization) until December 29, 2016.

28. Plaintiff's distributor contract provided for an optional buyout, whereby Plaintiff could sell his distribution territory to E2E if he would enter into a three-year non-competition agreement. Under the distributor contract's buyout formula, Plaintiff would have been entitled to a buyout of approximately $720,000.

29. Because Plaintiff left his position at E2E, with the intention of remaining in the human resources solutions industry, he declined the substantial buyout.

30. GES was formed in January 2017 and, because of E2E's refusal to work in a collaborative manner with GES, became a competitor to E2E in February 2017.

31. Defendants were aware of Plaintiff Robichaud's involvement in the founding and operation of GES.

32. In June 2017, Rockwell Collins, a significant E2E client, moved its business from E2E to GES.

### *The Merger, Merger Agreement, and Associated Documents*

33. As set forth in the Merger Agreement, the acquisition of E2E by Comvest was effectuated through a reverse triangular merger. Prior to the Merger, E2E was a standalone entity, and Comvest directly owned E2E Holdings, which in turn, directly owned E2E Merger Sub, Inc. ("Merger Sub"), a Delaware corporation.

34. In order to effectuate the Merger, E2E Merger Sub and E2E merged, at which time E2E Merger Sub ceased to exist, and E2E became a subsidiary of Comvest.

35. A majority of the board of directors of E2E approved the Merger Agreement, and the Merger was subsequently approved by written consent of the majority (but not all) of the E2E stockholders entitled to vote. Thereafter, the Defendants consummated the Merger. The Merger was effectuated pursuant to 8 Del. C. § 251.

36. Plaintiff Robichaud did not vote for, nor did he execute a written consent in favor of, the Merger.

### *Defendants' Post-Merger Attempt to Impose the Conditions on Plaintiff*

37. With the Merger consummated, Defendants now attempt to force Plaintiff to accept the Conditions as a prerequisite to the receipt of merger consideration even though Plaintiff is entitled to receive merger consideration as a matter of law.

38. Defendants' are attempting to unlawfully impose the Conditions on Plaintiff through the Merger Agreement and the form of the Letter of Transmittal, which is the purported

7

sole and exclusive mechanism for tendering shares.

39. Section 2.9 of the Merger Agreement purports to condition the receipt of merger consideration on the surrender of shares *and* the execution of a Letter of Transmittal:

> SECTION 2.9 **Exchange Procedures Payments** ... *As a condition to the receipt of the Merger Consideration to which a Stockholder is entitled as determined in accordance with this Agreement, such Stockholder shall be required to surrender the Certificate representing its Company Shares (other than Rollover Shares) to the Paying Agent and deliver to the Paying Agent an executed letter of transmittal ("Letter of Transmittal") in the form attached hereto as Exhibit E, including any applicable attachments.* At or following the Closing such Stockholder shall be entitled to receive from the Paying Agent, in exchange for such surrendered Certificate and executed Letter of Transmittal, the portion of the Closing Date Merger Consideration payable with respect to such Company Shares in accordance with Section 2.7, and the Certificate so surrendered shall forthwith be cancelled upon delivery thereof to the Company.

Ex. 1 at §2.9 (partial emphasis added).

40. Forcing Plaintiff to accept the non-competition, non-solicitation, and non-disparagement provisions as a condition precedent to the receipt of merger consideration violates 8 Del. C. § 251, which entitles Plaintiff to merger consideration upon the cancellation of its shares.

41. Finally, the Letter of Transmittal requires Plaintiff to accept the non-competition, non-solicitation, and non-disparagement, even though the express terms of the Merger Agreement do not contemplate a release.

42. Although the Defendants may have been able to secure agreement on the non-competition, non-solicitation, and non-disparagement conditions from certain stockholders, Plaintiff was not one of them. Armed with that knowledge, the Defendants proceeded with the Merger and converted Plaintiff's shares into the right to receive merger consideration.

43. Defendants have no legal justification for withholding Plaintiff's merger consideration unless and until Plaintiff agrees to the Conditions.

44. The Defendants took advantage of Delaware law permitting them to effectuate a

Merger by a simple majority vote of the stockholders, and in doing so, Comvest acquired 100% ownership of E2E without needing to obtain 100% stockholder approval.

45. Plaintiff is a passive, squeezed-out investor that never consented to the Merger and was not a party to the Merger Agreement.

46. Just as the Defendants availed themselves of the benefits of Delaware law by effectuating the Merger, so too should Plaintiff obtain the benefits of Delaware law afforded to a squeezed-out stockholder. Accordingly, Plaintiff is entitled to receive its merger consideration without taking on any affirmative obligations in tendering its shares.

## COUNT I – DECLARATORY JUDGMENT
### (ALL DEFENDANTS)

47. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

48. There exists an actual, definite, and concrete controversy between Plaintiff and Defendants regarding the payment of Plaintiff's merger consideration and the enforceability of the Conditions included in the Letter of Transmittal.

49. This Court has jurisdiction over the dispute based on diversity of citizenship of the parties, and it would not be an abuse of discretion in the exercise of jurisdiction over this matter.

50. Forcing Plaintiff to accept the non-competition, non-solicitation, and non-disparagement provisions as a condition precedent to the receipt of merger consideration violates, among other things, 8 Del. C. § 251, which entitles Plaintiff to merger consideration upon the cancellation of his shares.

51. For the reasons stated above, Plaintiff requests an Order from this Court declaring that (a) Defendants are required to pay Plaintiff's merger consideration upon tender of Plaintiff's E2E shares; and (b) Plaintiff is not required to accept the Conditions in the Letter of Transmittal

as a condition precedent to receiving his merger consideration.

## COUNT II – INJUNCTIVE RELIEF
### (ALL DEFENDANTS)

52. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

53. Defendants, acting in agency or in concert, have repeatedly denied and withheld Plaintiff's merger consideration and have attempted to elicit additional Conditions from Plaintiff via the Letter of Transmittal that were not sought from any other stockholder.

54. For the reasons set forth above, Plaintiff requests that the Court enter an order enjoining Defendants from (a) withholding Plaintiff's merger consideration; and (b) attempting to require Plaintiff to accept the Conditions in the Letter of Transmittal as a condition precedent to receiving the merger consideration.

## COUNT III – VIOLATION OF THE NORTH CAROLINA UNFAIR & DECEPTIVE TRADE PRACTICES ACT; N.C. GEN. STAT. § 75-1.1
### (DEFENDANTS E2E, E2E HOLDINGS, PHIL STEWART, GRIDIRON, AND COMVEST)

55. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

56. The actions and conduct of Defendants, as set forth herein, constitute unfair and deceptive acts or practices, in or affecting commerce, in violation of N.C. Gen. Stat. § 75-1.1.

57. Plaintiff's claims for unfair and deceptive trade practices against Defendants include, but are not limited to, attempting to force Plaintiff to accept additional conditions in his Letter of Transmittal that were not required of or sought from any other stockholder, including non-competition, non-solicitation, and non-disparagement provisions, as a condition precedent to the receipt of merger consideration

58. Defendants' actions constitute unfair and deceptive acts and practices and an unfair method of competition.

59. As a direct, proximate, natural, and probably result of Defendants' unfair and deceptive acts and practices, Plaintiff has been damaged and is entitled to recover damages from E2E Defendants, jointly and severally, to recover treble damages pursuant to N.C. Gen. Stat. § 75-16, and to recover reasonable attorneys' fees, as provided by N.C. Gen. Stat. § 75-16.1.

**COUNT IV – ACTION FOR DAMAGES CAUSE BY ACTS IN FURTHERANCE OF CIVIL CONSPIRACY**
**(DEFENDANTS E2E, E2E HOLDINGS, PHIL STEWART, GRIDIRON, AND COMVEST)**

60. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

61. Upon information and belief, E2E Defendants jointly agreed to include additional conditions in Plaintiff's Letter of Transmittal that were not required of or sought from any other stockholder, including non-competition, non-solicitation, and non-disparagement provisions.

62. E2E Defendants fraudulently, unlawfully, and unjustly attempted to impose these Conditions on Plaintiff as a condition precedent to the receipt of his merger consideration.

63. E2E Defendants engaged in this conspiracy in an attempt to fraudulently, unlawfully, and unjustly force Plaintiff out as a competitor in the subject marketplace and force Plaintiff's company, GES, out of business.

64. As a direct, proximate, natural, and probably result of E2E Defendants' conspiracy, Plaintiff has been damaged and is entitled to recover damages from E2E Defendants, jointly and severally.

**COUNT V – FRAUD**
**(E2E)**

65. Plaintiff incorporates by reference the allegations contained in the preceding

paragraphs as if fully set forth herein.

66. On June 2, 2010, Plaintiff obtained stock in TR Holdco, Inc., which was subsequently converted to E2E stock.

67. Upon information and belief, at the time Plaintiff acquired the E2E stock, advised Plaintiff that the stock could, at any time, be surrendered in exchange for its current market value without further condition precedent or restrictive covenant, including non-competition, non-solicitation, and non-disparagement provisions.

68. Alternatively, had any such condition precedent or restrictive covenant existed, E2E affirmatively and actively withheld that information from Plaintiff.

69. E2E's actions constitute a material false representation, or alternatively, a concealment, of a material fact, reasonably calculated to deceive Plaintiff.

70. E2E's intent was to deceive Plaintiff and induce him into acquiring E2E stock.

71. Plaintiff was, in fact, deceived by E2E's conduct.

72. As a direct, proximate, natural, and probably result of E2E's material false representation or concealment, Plaintiff has been damaged and is entitled to recover damages from E2E Defendants, jointly and severally.

### COUNT VI – UNJUST ENRICHMENT
### (ALL DEFENDANTS)

73. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

74. By refusing to tender Plaintiff's merger consideration, Defendants have been conferred a benefit, including, but not limited to, the retention of approximately $140,000 due to Plaintiff.

75. The conference of this benefit upon Defendants was not authorized by Plaintiff and

was achieved only through the interference and wrongful conduct of Defendants in imposing the additional non-competition, non-solicitation, and non-disparagement provisions on Plaintiff, and no other stockholder, as a condition precedent to the receipt of his merger consideration.

76. The benefit was not gratuitous, can be definitively measured, and Defendants have accepted the benefit.

77. As a direct, proximate, natural, and probably result of Defendants' conduct, Plaintiff has been damaged and is entitled to recover damages from Defendants, jointly and severally.

### COUNT VII – PUNITIVE DAMAGES
### (ALL DEFENDANTS)

78. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

79. Plaintiff has sought to engage in constructive communications with Defendants regarding the matters set forth above; however, Defendants have not responded to such communications in good faith nor have they acted in any meaningful attempt to resolve these matters.

80. Defendants' wrongful acts alleged herein are willful or wanton, done in reckless disregard and indifference to the rights of Plaintiff, or done with malice.

81. Plaintiff is entitled to recover punitive damages from Defendants, jointly and severally.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief, jointly and severally, against Defendants:

    a) An order from the Court declaring that (i) Defendants are required to pay Plaintiff's merger consideration upon tender of Plaintiff's E2E shares; and (ii) Plaintiff is not required to accept the Conditions in the Letter of

          Transmittal as a condition precedent to receiving his merger consideration;

b)    An order from the Court enjoining Defendants from (i) withholding Plaintiff's merger consideration; and (ii) attempting to require Plaintiff to accept the Conditions in the Letter of Transmittal as a condition precedent to receiving the merger consideration;

c)    Judgment in the amount in excess of one-hundred forty thousand and 00/100 dollars ($140,000.00), plus interest as allowed by law;

d)    That the costs of this action, including Plaintiff's reasonably attorneys' fees, be taxed by the Court against Defendants pursuant to N.C. Gen. Stat. § 75-16.1, and other lawful authority;

e)    That any damages awarded to Plaintiff be trebled pursuant to the provisions of N.C. Gen. Stat. § 75-16;

f)    An award of punitive damages;

g)    Such other relief as the Court deems just and proper; and

h)    A trial by jury.

                                                                          */s/* **Sean C. Wagner**
                                                                           Sean C. Wagner (N.C. State Bar No. 50233)
                                                                           Andrew W. Lax (N.C. State Bar No. 13014)
                                                                           Colin T. Dean (N.C. State Bar No. 50090)
                                                                           FORREST FIRM, P.C.
                                                                           521 E. Morehead Street, Suite 405
                                                                           Charlotte, NC 28202
                                                                           Telephone: (980) 228-9619
                                                                           sean.wagner@forrestfirm.com
                                                                           andy.lax@forrestfirm.com
                                                                           colin.dean@forrestfirm.com

                                                                           *ATTORNEYS FOR PLAINTIFF JAMES A. ROBICHAUD*

14

Case 5:18-cv-00086-KDB-DSC    Document 1    Filed 05/23/18    Page 14 of 14