# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:18-CV-00086-KDB-DSC

| | |
|---|---|
| JAMES A. ROBICHAUD, <br><br> **Plaintiffs,** <br><br> v. <br><br> ENGAGE2EXCEL, INC <br> COMVEST INVESTMENT PARTNERS HOLDINGS, LLC <br> U.S. BANK, N.A. <br> E2E HOLDINGS, INC <br> PHILLIP STEWART <br> GC REPRESENTATIVE COMPANY, LLC, <br><br> **Defendants.** | **ORDER** |

Plaintiff James Robichaud is a shareholder in Defendant Engage2Excel, Inc. and a former employee and current competitor of the company. In this action, the parties dispute whether Robichaud, who left the company in December 2016, is required to agree to non-competition and non-solicitation restrictions (and other obligations) as a condition of obtaining the merger consideration agreed to be paid to Engage2Excel shareholders related to a 2018 "squeeze out" merger in which Defendant Comvest Investment Partners Holdings, LLC acquired all of Engage2Excel's stock, including Robichaud's shares.

Now before the Court is Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 55) and Defendants' Motion for Summary Judgment (Doc. No. 60). The Court has carefully considered these motions and the parties' briefs and exhibits. For the reasons discussed briefly below, the Court finds that both motions should be **DENIED** because there are disputed factual issues and Plaintiff has not yet had an opportunity to obtain discovery from the Defendants.

# I. STANDARD OF REVIEW

A motion for judgment on the pleadings is governed by the standard applicable to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6) tests only the legal sufficiency of the complaint. It cannot resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). Accordingly, in considering a motion for judgment on the pleadings, the court assumes the truth of all facts alleged in the complaint and the denial of those allegations in the answer. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (setting the standard for considering the similar motion to dismiss). "The issue is not [which party] will ultimately prevail but whether [the parties are] entitled to offer evidence to support [their] claims." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if it might affect the outcome of the suit under the governing law." *Vannoy v. Federal Reserve Bank of Richmond*, 827 F.3d 296, 300 (4th Cir. 2016) (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014); *see also Anderson*, 477 U.S. at 255. "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the

merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). "The court therefore cannot weigh the evidence or make credibility determinations." *Id*. at 569 (citing *Mercantile Peninsula Bank v. French* (*In re French*), 499 F.3d 345, 352 (4th Cir. 2007)).

In the end, the question posed by a summary judgment motion is whether the evidence as applied to the governing legal rules "is so one-sided that one party must prevail as a matter of law." *Id*. at 252.

## II. DISCUSION

From the parties' briefs – particularly the briefs each party has filed in response to the opposing party's motion – the Court readily concludes that there are numerous genuinely disputed material factual issues. These disputed factual issues include, but are not limited to, even such fundamental issues as identifying the form of the final, completed merger agreement and determining what versions of the agreement and exhibits were sent to the various shareholders prior to the vote on the merger. Therefore, none of the parties are entitled to prevail at this time on their dispositive motions, which require that the Court accept the opposing party's evidence as true or in the most favorable light and prohibit the Court from making factual determinations.

Further, Rule 56(d) of the Federal Rules of Civil Procedure permits the Court to allow a party opposing summary judgment to take relevant discovery if it has not yet had an opportunity to do so. In this action, Plaintiff has served written discovery on Defendants, but has not yet received responses.[1] Also, Plaintiff seeks to take depositions that it alleges may develop evidence

---

[1] On Defendants' motion, the Court, prior to the completion of briefing, granted Defendants' motion for an extension of time to respond to Plaintiff's discovery until after the Court's decision on the Motion for Summary Judgment. *See* Doc. No. 62.

that is relevant to the merits of Defendants' motion. Therefore, the Court finds that Defendants' motion should be denied pursuant to Rule 56(d), without prejudice to it being renewed if there are no longer disputed factual issues after Plaintiff has had a reasonable opportunity to obtain discovery.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT**:

1. Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 55) is **DENIED**;

2. Defendants' Motion for Summary Judgment (Doc. No. 60) is **DENIED,** without prejudice to it being renewed following Plaintiff having a reasonable opportunity to conduct discovery; and

3. This case shall proceed to discovery on the merits of the remaining claim in the absence of a voluntary resolution of the dispute among the parties.[2]

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 12, 2019

Kenneth D. Bell
United States District Judge

---

[2] Although it has no relevance to the Court's consideration of the pending motions, the Court notes Defendants' representation that they are willing to provide Plaintiff with his disputed merger consideration without requiring that he agree to any restrictive covenants if he agrees to accept one or more of the other requested obligations (apparently including a "non-disparagement" provision). While the Court does not agree with Defendants' characterization of Plaintiff's unwillingness to accept this proposal as "irrational" (Plaintiff might quite rationally be concerned that his lawful competition against Defendants could be the basis of an allegation that he has "disparaged" Defendants, depending on the terms of the non-disparagement provision), the Court strongly encourages the parties to promptly conduct the mediation required by the Pretrial Order and Case Management Plan or purse other efforts to resolve their dispute without the need for the parties or the Court to spend further resources on this litigation.